UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WARMHEART DESIGNS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARILYN LEAVITT IMBLUM, )<br>)<br>Defendant. ) | Docket No. 2:06-CV-191-GZS |

**ORDER ON PENDING MOTIONS**

Presently before the Court are Plaintiff's Motion for Preliminary Injunctive Relief (Docket # 4), Plaintiff's Motion to Stay Action and Compel Arbitration (Docket # 5) and Plaintiff's Motion for Entry of Default and Entry of Default Judgment (Docket # 8).  Notably, despite having been served on November 20, 2006,[1] Defendant has failed to enter an appearance or otherwise defend herself in this action.  As a result, the Clerk has already entered default against Defendant Marilyn Leavitt-Imblum in accordance with Federal Rule of Civil Procedure 55(a) (Docket # 10).

**I.     BACKGROUND**

The present controversy arises out of the January 3, 2004 License Agreement (Ex. A to Docket # 5 (hereinafter "License Agreement")) between Plaintiff Warmheart Designs, Inc. ("Warmheart") and Defendant Marilyn Leavitt-Imblum ("Imblum").  Pursuant to this Agreement, Ms. Imblum, who designs and owns trademarks for various cross-stitch patterns, agreed to license her cross-stitch patterns to Warmheart, who, in turn, agreed to sell and distribute those patterns while paying royalties to Imblum.  In fact, under the terms of the

---

[1] See Affidavit of Service (Docket # 7).

Agreement, Warmheart is the exclusive distributor of many, if not all, of Imblum's designs and, to date, sales of these designs have accounted for one hundred percent of Warmheart's sales.

The License Agreement has specific provisions pertaining to dispute resolution between the parties. In addition to informal negotiation as a first step, the Agreement also outlines procedures for resolving remaining disputes via mandatory arbitration. (See License Agreement ¶13.2.) Besides providing for mandatory arbitration, the Agreement does state that: "A party may seek a preliminary injunction or other preliminary judicial relief if in . . . its judgment such action is necessary to avoid irreparable damage." (License Agreement ¶13.3.)

Based upon the evidence submitted in connection with the preliminary injunction as well as the exhibits attached to the Complaint, it is clear that each side now believes that the License Agreement has been breached by the other side. Attempts at informal negotiation have apparently failed. On multiple occasions in October and November 2006, Imblum has indicated her intention to terminate the License Agreement as of November 18, 2006. Warmheart alleges that this attempt at termination violates the terms of the License Agreement.

## II.     MOTION FOR PRELIMINARY INJUNCTION

Absent any objection by Defendant and having reviewed the submissions of Plaintiff in support of the Motion, the Court is satisfied that Plaintiff has met its burden of demonstrating (1) a likelihood of success on the merits, (2) irreparable injury, (3) that such injury outweighs any harm to the defendant, and (4) that the injunction would not harm the public interest. See, e.g., Largess v. Supreme Judicial Court, 373 F.3d 219, 224 (1st Cir. 2004). Specifically, the Court is satisfied that Warmheart has a substantial likelihood of success on the merits and that Warmheart will be irreparably harmed unless the status quo called for under the License Agreement can be maintained while this matter proceeds to arbitration. See Bercovitch v. Baldwin School, Inc.,

133 F.3d 141, 151 (1st Cir. 1998); Teradyne, Inc. v Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986).

Therefore, the Court hereby GRANTS Plaintiff's Motion for Preliminary Injunctive Relief (Docket # 4) and hereby ORDERS that until further order of this Court, Defendant Imblum shall be ENJOINED and RESTRAINED from:

(1) terminating the Licensing Agreement;

(2) taking any measures to interfere with Warmheart's access to or use of the Licensed Products and associated Intellectual Property, which Warmheart is entitled to use under the Agreement;

(3) interfering with Warmheart's promotion, sale or distribution of the Licensed Products pursuant to the License Agreement; and

(4) communicating with Warmheart's distributors and/or customers or other third parties concerning Warmheart's performance under the License Agreement and/or the current dispute between the parties concerning Imblum's attempted termination of the Agreement.[2]

### III. MOTION TO COMPEL ARBITRATION

As indicated above, the Court's decision to enter a preliminary injunction in this matter is driven by the need to maintain the status quo while this matter proceeds to arbitration. "In order for the Court to require arbitration, the Court must find that (1) there exists a written agreement to arbitrate; (2) the dispute in question falls within the scope of that arbitration agreement; (3) the party seeking an arbitral forum has not waived its right to compel arbitration." Biddeford

---

[2] Plaintiff's Proposed Order Granting Preliminary Injunctive Relief (Ex. 2 to Docket # 4) also asks the Court to specifically order Imblum to comply with "her obligation to produce new designs during each Agreement Year as stipulated in Section 2.4 of the Agreement, until this matter is resolved in arbitration and/or this proceeding." The Court declines to make such an order part of its preliminary injunction in large part because it appears that that such an order would extend beyond the current status quo between the parties.

Internet Corp. v. Verizon New England Inc., -- F. Supp. 2d, ---, 2006 WL 2925190 at *3 (D. Me. 2006) (citations omitted). Having reviewed the written License Agreement, all of these requirements are met on the current record. The current dispute between the parties falls squarely within the scope of the issues subject to arbitration pursuant to the License Agreement. Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., the Court must enforce a valid agreement to arbitrate such disputes. See 9 U.S.C. § 2. Therefore, the Court hereby GRANTS Plaintiff's Motion to Stay Action and Compel Arbitration (Docket # 5).

## IV.     MOTION FOR ENTRY OF DEFAULT JUDGMENT

In light of the Court's decision to compel arbitration of this matter, entry of a default judgment would be premature at this stage. For this reason, the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's Motion for Entry of Default Judgment (Docket # 8). Plaintiff is free to file a renewed motion in connection with any request to confirm an arbitration award.

## V.     CONCLUSION

As just explained, the Court hereby GRANTS Plaintiff's Motion for Preliminary Injunctive Relief (Docket # 4), GRANTS Plaintiff's Motion to Stay Action and Compel Arbitration (Docket # 5) and DENIES WITHOUT PREJUDICE Plaintiff's Motion for Entry of Default and Entry of Default Judgment (Docket # 8). This matter shall be STAYED pending the outcome of arbitration as described above.

SO ORDERED.

   /s/ George Z. Singal
United States Chief District Judge

Dated this 21st day of December 2006.